# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEONARD KAUFMAN,

    *Plaintiff*,                              CIVIL CASE NO. 12-CV-10162

v.                                    DISTRICT JUDGE MARK A. GOLDSMITH
                                        MAGISTRATE JUDGE CHARLES E. BINDER

CORIZON HEALTH, INC.,
*et al.*,

    *Defendants*.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION
(Doc. 45)
## AND REINSTATING AMENDED COMPLAINT

By order of U.S. District Judge Mark A. Goldsmith, this case was referred to the undersigned magistrate judge for general case management. Before the Court is Plaintiff's *pro se* motion asking the Court to reconsider its July 17, 2012, order (Doc. 39), which struck Plaintiff's Amended Complaint.

In this district, it is an exception to the norm for the Court to grant a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). To obtain reconsideration, the movant must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." *Id.* The requirement of a "palpable defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Therefore, absent a significant error

that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.

In this case, Plaintiff asserts that his Amended Complaint should not have been stricken because it was timely filed "as a matter of course" pursuant to Rules 15(a) and 6(d) of the Federal Rules of Civil Procedure. The Court finds that Plaintiff is correct and therefore the motion will be granted.

Rule 15(a) provides that a

> party may amend its pleading once as a matter of course within . . . 21 days after serving it, or, . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Here, a motion under Rule 12(b) was filed on June 18, 2012. (Doc. 23.) Therefore, the deadline for filing an amended complaint was 21 days after June 18, 2012, which was July 9, 2012. Plaintiff did not file his amended pleading until July 11, 2012. (Doc. 40.) However, Rule 6(d) provides that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [by mailing] . . . , 3 days are added after the period would otherwise expire . . . ." Fed. R. Civ. P. 6(d). Plaintiff was served by mail with the Rule 12(b) motion. (Doc. 23, Br. at 15.) Therefore, with the addition of these three days, the deadline became July 12, 2012, and Plaintiff met this deadline by filing his Amended Complaint on July 11, 2012.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 45) is **GRANTED**. The Amended Complaint (Doc. 40) will be restored to the docket by chambers staff and the date of this order will be considered the date of service on the represented defendants. With

regard to the four defendants who have yet to be served with the original complaint, the Court will direct service on those defendants after their outstanding waivers of service are returned.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

                          s/ Charles E Binder
                          CHARLES E. BINDER
Dated: August 1, 2012              United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Kimberley Koester, Ronald Chapman, and Kevin Himebaugh; and served by first class mail on Leonard Kaufman, #197407, G. Robert Cotton Correctional Facility, 3510 N. Elm St., Jackson, MI, 49201.

Date:  August 1, 2012            By    s/Jean L. Broucek
                                              Case Manager to Magistrate Judge Binder