**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEONARD KAUFMAN,

    *Plaintiff*,	CASE NO: 12-10162

v.	DISTRICT JUDGE MARK A. GOLDSMITH
	MAGISTRATE JUDGE CHARLES E. BINDER

CORIZON HEALTH, INC., *et al.*,

    *Defendants*.
_____/

**REPORT AND RECOMMENDATION SUGGESTING
*SUA SPONTE* DISMISSAL OF DEFENDANT DOLINSKI**

**I.	Report**

By order of U.S. District Judge Mark A. Goldsmith, this *pro se* prisoner civil rights case was referred to the undersigned magistrate judge for general case management. (Doc. 5.)

Federal rules provide when a plaintiff is proceeding *in forma pauperis*, as is the case here, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint upon each defendant. Fed. R. Civ. P. 4(c)(3). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994).

This case was filed more than nine months ago, and service on Defendant Steven Dolinski has still not occurred. Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect service of summons and complaint "within 120 days after the filing of the complaint . . . ." Fed. R. Civ. P. 4(m). If timely service is not effected, Rule 4(m) requires the Court – "upon motion

or on its own initiative after notice to the plaintiff . . . " – to dismiss the action without prejudice as to any defendant not timely served. *See Byrd v. Stone*, 94 F.3d 217, 219 n.2 (6th Cir. 1996).

In this case, documents were first prepared and given to the U.S. Marshal for service on Defendant Dolinski in April 2012. On May 3, 2012, a text-only entry was made that the waiver of service for Defendant Dolinski was returned unexecuted because the documents were undeliverable as addressed. New documents were prepared and delivered to the U.S. Marshal on May 21, 2012, for service on Defendant Dolinski at his place of employment. On June 22, 2012, correspondence from the Michigan Department of Corrections was received informing the Court that Defendant Dolinski was no longer employed at Macomb Correctional Facility. (Doc. 31.)

On June 22, 2012, an order was entered directing the Michigan Department of Corrections ("MDOC") to provide a last-known address for Defendant Dolinski directly to the U.S. Marshal. (Doc. 32.) That information was received, and on June 29, 2012, new documents were prepared and mailed to the address provided. On July 24, 2012, the documents were returned by the U.S. Postal Service with the notation, "not deliverable as addressed, unable to forward." (Doc. 44.)

On October 11, 2012, Plaintiff was notified that all attempts at service upon Defendant Dolinski had been unsuccessful and that, unless Plaintiff was able to provide a current address for Defendant Dolinski on or before October 26, 2012, a Report and Recommendation would issue suggesting that Defendant Dolinski be dismissed from this action. (Doc. 62.) Plaintiff did not respond to the notice.

Much effort has been expended to locate Defendant Dolinski and accomplish service, but with no success. Ultimately, however, it is Plaintiff's responsibility to provide the Court with an address at which each defendant can be served and the Court is not in a position to use its resources

to investigate the current location of a person against whom a *pro se* litigant wishes to bring a federal court action. Once a plaintiff has been notified that all attempts at service have been unsuccessful and the plaintiff does not present a new or updated address, "[n]either his *pro se* status nor his incarceration constitute good cause for the lack of service." *Davis v. Macconnell*, No. 3:11cv00090, 2011 WL 5326256, at *3 (S.D. Ohio Sept. 16, 2011) (citing *Rose v. U.S. Postal Service*, 352 F. App'x 82 (7th Cir. 2009) (neither a party's *pro se* status nor his inexperience as a litigant excuse him from the requirements of Rule 4(m)).

## II.     Recommendation

Accordingly, I suggest that Defendant Dolinski be *sua sponte* dismissed from the case without prejudice.

## III.    Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                   s/ *Charles E. Binder*
                                                   CHARLES E. BINDER
Dated: October 31, 2012                    United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kimberley Koester, Ronald Chapman, Kevin Himebaugh, David Williams and Kevin Hirsch; and served by first class mail on Leonard Kaufman, #197407, G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI, 49201.

Date:  October 31, 2012         By     s/*Jean L. Broucek*
                                               Case Manager to Magistrate Judge Binder