UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD KAUFMAN,

    Plaintiff,

vs.

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

Civil Action No.
12-CV-10162

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
(1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 22, 2013,
(2) OVERRULING PLAINTIFF'S OBJECTIONS,
(3) GRANTING THE MOTION TO DISMISS OF DEFENDANTS CORIZON HEALTH, INC., PRISON HEALTH SERVICES, INC., NORONHA, and RHODES, (4) GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS SCUTT, HUNTER, SMITH, O'DELL, UPSTON, PANDYA, and ADRAY,
and
(5) ADMINISTRATIVELY CLOSING THE CASE**

    This is a prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff Leonard Kaufman, a double amputee who was a state prisoner during the time that his claims arose, alleges that numerous prison healthcare officials were indifferent to his serious medical needs, in violation of the Eighth Amendment, by failing to afford him adequate treatment and care for his prosthetic limb.[1] Plaintiff also alleges that the lack of treatment and care severely limited his mobility, resulting in a violation of his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 et seq., and the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794 et seq.

    The Defendants who currently remain active in this case can be split into two categories:

---

[1] Plaintiff is missing his left leg below the knee and missing his right leg above the knee.

1

"the Corizon Defendants" and "the MDOC Defendants."[2] The Corizon Defendants are: (1) Corizon Health, Inc. (also known as Prison Health Services, Inc.), (2) Dr. Karen Rhodes, and (3) Dr. Anita Noronha. The MDOC Defendants are: (4) Warden Debra Scutt, (5) Health Unit Manager Joyce Hunter, (6) Physical Therapist David Smith, (7) Health Unit Manager Donna O'Dell, (8) Nurse Brenda Upston, (9) Dr. Haresh Pandya, and (10) Nurse Lisa Adray.

Now before the Court are (i) the motion to dismiss of the Corizon Defendants (Dkt. 23) and (ii) the motion for summary judgment of the MDOC Defendants (Dkt. 26). On February 22, 2013, Magistrate Judge Charles E. Binder issued a Report and Recommendation (R&R) in which he recommends that both motions be granted in their entirety. After the R&R was issued, Plaintiff filed a motion seeking a 30-day extension of time in which to file objections (Dkt. 81). The Court granted Plaintiff a 10-day extension, noting in its order that "[Plaintiff's] objections are due (i.e., must be **received** by the Court by) March 18, 2013." Dkt. 82 (emphasis in original). Plaintiff filed his objections on March 20, 2013, two days late. Accordingly, by not filing his objections by the deadline, Plaintiff has waived his right to contest the conclusions reached by the Magistrate Judge in his R&R. See Thomas v. Arn, 474 U.S. 140, 155 (1985).[3]

Even had Plaintiff timely filed his objections, the Court would overrule them on the merits. Plaintiff asserts seven objections to the R&R. In his first objection, Plaintiff objects to the

---

[2] Pursuant to the automatic bankruptcy stay, 11 U.S.C. § 362, this case has been stayed with respect to the claims against Defendants Michigan Orthopedic Services, Inc., Aziz Naser, and David Greene. See Dkt. 73. Moreover, the claims against Defendant Steven Dolinski were previously been dismissed without prejudice. See Dkt. 71.

[3] A copy of the envelope containing Plaintiff's objections can be found as the last page of docket entry 83. The envelope is post-marked March 19, 2013 – one day beyond the Court's deadline. Thus, this is not a case where objections were mailed within the time limit but not filed on the docket until after the time limit. Moreover, Plaintiff is no longer in prison, so the prisoner mailbox rule is not potentially applicable.

2

Magistrate Judge's conclusion that Plaintiff failed to sufficiently allege in his amended complaint that Dr. Noronha acted with a sufficiently culpable state of mind under the subjective component of the deliberate indifference standard. Plaintiff states in his objections that Dr. Noronha "sent [him] to an orthotic shop that was known by prison health care staff to deliver substandard work" and that, "[o]nce plaintiff received ill fitting sockets from that shop," Dr. Noronha failed to provide further treatment, leaving Plaintiff with a choice between "wearing ill fitting and painful limbs . . . or being confined to a wheelchair." Plaintiff also states that Dr. Noronha failed to provide Plaintiff with adequate follow-up medical care. Objections at 1-2.

These allegations, even if true, do not support a plausible Eighth Amendment claim under the circumstances here for the reasons given by the Magistrate Judge. See R&R 12-14. In addition, with regard to the alleged facts highlighted by Plaintiff in his objections, the Court notes that Plaintiff fails to allege that Dr. Noronha had any choice regarding where she sent Plaintiff for treatment, and that there is no allegation in the amended complaint suggesting that Dr. Noronha purposefully denied Plaintiff treatment on any occasion. Instead, what the amended complaint does show is that Plaintiff was repeatedly treated, in good faith, by Dr. Noronha, who, each time, did what she could to help Plaintiff. As the Magistrate Judge correctly noted, Plaintiff's own allegations suggest that: "In each encounter with Dr. Noronha, she acted on [Plaintiff's] behalf and attempted to obtain the appropriate appointments with the certified prosthetist that would result in new liners, new sockets, and adjustments to those items." R&R at 13-14. Plaintiff's amended complaint does not contain facts that support a plausible deliberate indifference claim against Dr. Noronha in these circumstances. Plaintiff's first objection is overruled.

In his second objection to the R&R, Plaintiff objects to the Magistrate Judge's conclusion

that Plaintiff failed to sufficiently allege in his amended complaint that Dr. Rhodes acted with a sufficiently culpable state of mind under the subjective component of the deliberate indifference standard. Plaintiff argues that "the Magistrate Judge failed to consider the facts presented by plaintiff" showing that "Dr. Rhodes created unreasonable delays in providing prosthetic care." Objections at 2. However, Plaintiff does not cite where in the record any facts that were not discussed by the Magistrate Judge can be found, nor has the Court's review of the amended complaint revealed any such undiscussed facts relating to Dr. Rhodes. Because the Court agrees with the Magistrate Judge's analysis and conclusion with regard to Dr. Rhodes, see R&R at 14, Plaintiff's second objection is overruled.

In his third objection, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has failed to allege a plausible claim against Corizon Health, Inc. that it has an unconstitutional custom or policy that injured Plaintiff. Again, Plaintiff states in his objection that the Magistrate Judge failed to consider facts that are probative of his claim against Corizon Health, Inc., but fails to cite where in the record those facts are presented. In any event, the Court dismisses this claim because Plaintiff has not shown that his constitutional rights were violated by the Corizon Defendants and, if there is no constitutional violation, there can be no unconstitutional custom or policy that is "the moving force" behind that violation. See Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 648 (6th Cir. 2012) ("Municipal liability only attaches where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights.").

In his fourth objection to the R&R, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not exhaust his claim against Defendant Scutt. The Magistrate Judge determined that Plaintiff failed to exhaust his claim against Defendant Scutt because Plaintiff filed the present

4

lawsuit before Step III of the grievance process was completed. See R&R at 20. Plaintiff objects to this finding, stating that "[t]he prison policy states that a prisoner's administrative process is complete upon sending of a step III grievance." Objections at 3. However, Plaintiff provides no authority for the proposition that the grievance process ends when a Step III grievance is sent, and the Court is not aware of any such rule. Additionally, this purported rule is not supported by the case law cited by the Magistrate Judge. See R&R at 20 (citing Wayne v. Perry, No. 07-CV-62, 2008 WL 783572, at *5 (W.D. Mich. Mar. 21, 2008), where the court dismissed a prisoner civil rights lawsuit on exhaustion grounds because the prisoner "did not wait to receive his response at step III before filing the instant action"). Wayne is good law and entirely unmentioned by Plaintiff. Plaintiff's fourth objection is overruled.

In his fifth objection, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to sufficiently allege in his amended complaint that Defendants Adray, O'Dell, and Upston acted with a sufficiently culpable state of mind under the subjective component of the deliberate indifference standard. Upon de novo review, the Court agrees with the Magistrate Judge that the conduct alleged against Adray, O'Dell, and Upston amounts to "respond[ing] to grievances, respond[ing] to letters, referr[ing] letters to other health care officials, and request[ing] a chart review" – all conduct that does not "rise to the requisite level" under the Eighth Amendment. R&R at 22-23. Plaintiff's fifth objection is overruled.

In his sixth objection, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to sufficiently allege in his amended complaint that Defendants Pandya, Hunter, and Smith acted with a sufficiently culpable state of mind under the subjective component of the deliberate indifference standard. Plaintiff argues that the Magistrate Judge failed to address: (1) Dr.

5

Pandya's "refusal to approve a prosthetic socket," (2) Hunter's "failure to correct known deficiencies in the delivery of health care and refusal to provide a wheelchair," and (3) Smith's "deliberately creating delays in medical treatment." Objections at 5.

These allegations did not go unmentioned by the Magistrate Judge, as Plaintiff implies. Indeed, the allegations were specifically mentioned in the background section of his R&R, see R&R at 7-8, and broadly discussed in his analysis of the claims against Pandya, Hunter, and Smith. See R&R at 23 ("I suggest that the remaining MDOC Defendants – HUM Hunter, Physical Therapist Smith, and Dr. Pandya – are entitled to summary judgment because Plaintiff's claims of ill-fitting prosthetic limbs, delayed replacement of limbs and their components, and denial of adequate winter footwear amount to a disagreement with the course of treatment and thus fail to rise to the level of unconstitutional deliberate indifference to serious medical needs."). Upon de novo review, and in light of the extensive treatment that Plaintiff did receive, as recounted by the Magistrate Judge, see R&R at 24-25, the Court overrules Plaintiff's fifth objection.

Finally, in his seventh objection, Plaintiff takes issue with "the Magistrate Judge's failure to consider the facts presented under the theory of a systemic failure in the delivery of health care." Plaintiff points out that he never utilized a wheelchair before coming to prison and argues that it is unacceptable that he had to be confined to a wheelchair while in prison while he awaited medical care. Plaintiff states that this reflects "a complete breakdown in the delivery of health care." Objections at 5.

The Magistrate Judge concluded:

> After reviewing the numerous documents provided by the parties, it is evident that Plaintiff no doubt experienced considerable frustration that his prosthetic needs and requests were not being met as quickly and as perfectly as he would have wished. However, the record is equally clear

6

> that Plaintiff received frequent treatment – including new limbs, new liners (twice), and new sockets – during the three-year period detailed in the complaint. Although the record shows that at times he experienced painful sores and bruising from his prosthetic limbs, it also shows that while he was waiting for the new sockets, new liners, new limbs, and adjustments thereto, he was prescribed pain medication and a wheelchair to help lessen the pain and keep him mobile, and was also granted a reprieve from working at his prison job. The Eighth Amendment does not require prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment – indeed, as pointed out by the Seventh Circuit, such a standard "would be absurd." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations."). See also Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (unsuccessful medical treatment does not give rise to a § 1983 cause of action).
>
> Plaintiff contends that "[t]he prison clinic's repeated, long-term negligent treatment of Plaintiff's medical condition amounts to deliberate indifference toward his serious medical needs." (Doc. 49 at 12-13 (emphasis added).) A claim of negligence, however, does not amount to unconstitutional deliberate indifference. See Daniels v. Williams, 474 U.S. 327, 330-33, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (discussing deliberate indifference and negligence under 42 U.S.C. § 1983). That standard calls for a state of mind that evinces "deliberateness tantamount to intent to punish." Miller v. Calhoun County, 408 F.3d 803, 813 (6th Cir. 2005) (quoting Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994)). On this record, I suggest that Defendants are entitled to summary judgment on Plaintiff's claims of deliberate indifference because the evidence does not present a "sufficient disagreement to require submission to a jury," but rather it "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

R&R at 25-26. The Court adopts the Magistrate Judge's discussion in its entirety and overrules Plaintiff's objection.

For the reasons discussed above, the Court adopts the Magistrate Judge's R&R to the extent it is consistent with the foregoing, and grants the motion to dismiss of the Corizon Defendants and the motion for summary judgment of the MDOC Defendants. As the case has

7

been stayed with regard to the remaining Defendants (Michigan Orthopedic Services, Inc., Aziz Naser, and David Greene), the Clerk of Court shall administratively close the case for statistical purposes only. Any party may move to have the case re-opened at an appropriate time, and nothing contained herein or in the R&R shall be construed as an adjudication on the merits regarding the claims asserted against Defendants Michigan Orthopedic Services, Inc., Aziz Naser, and David Greene.[4]

SO ORDERED.

Dated: March 28, 2013  
      Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager

---

[4] Finding "no just reason for delay," see Fed. R. Civ. P. 54(b), the Court will issue a final judgment pertaining to the claims against the Corizon Defendants and the MDOC Defendants.

8